*Bank of Michigan vs James M<sup>c</sup>Closkey*

C. Stevens Aty    Fil<sup>d</sup> with Clk Dec. 27th 1827 before 10 O'Clock am

Bank of Michigan vs ⎱    Sup<sup>e</sup> Court Dec. T. 1827—
James M<sup>c</sup>Closkey ⎰

And now the Deft. after verdict and before judgment, moves in arest of judgment for the following reasons to wit.—

1  The Charter and the law creating it is void, not being authorised by the laws of Congress or the ordinance of 1787—

2<sup>d</sup>  The declaration is bad, the suit being brought on a joint Bond, signed by several others not named, with a condition annexed thereto, which was not set forth in the Plaintiffs declaration, and a Breach is not therein assigned—

3<sup>d</sup>  Five Breaches are assigned in the Plaintiffs replications, when by law only one breach can be assigned—

4th  The demurrer & plea was withdrawn by consent of parties without prejudice to either Plaintiff or Defendant—

5th  That it was not proved that said James M<sup>c</sup>Closkey was ever legally appointed Cashier of said Bank—

6th  That said James M<sup>c</sup>Closkey was never legally appointed, nor did he continue to be cashier of said institution for a longer time than one year from the day of the date of said Bond—

7th  It was proved that James M<sup>c</sup>Closkey was forcibly discharged from said Bank previous to the 18th May 1825— as set forth—

8th  The verdict is improperly found— in as much as, on the 1-2-4 & 5 issues the jury find for the Plaintiffs without finding any damages.—